CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
9/3/2019
JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
      DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

ETHEL M. MURPHY,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　Civil Action No.: 5:19-cv-00063

ALYSSA B. COMPTON

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendants.

## COMPLAINT

COMES NOW the plaintiff, Ethel M. Murphy, by counsel, and requests judgment against defendant Alyssa B. Compton in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) for compensatory damages, together with her costs expended in this proceeding and pre-judgment interest from September 19, 2017 and post-judgment interest as allowed by law, and against defendant State Farm Mutual Insurance Company in the amount of One Million Dollars ($1,000,000.00) for compensatory damages, in the additional amount of Five Hundred Thousand Dollars ($500,000.00) or four (4) times the amount of her compensatory damages, whichever is greater, for punitive damages in accordance with applicable West Virginia law, together with attorney's fees, her costs expended in this proceeding, and pre-judgment interest from September 19, 2017 and post-judgment interest as allowed by law. In support of this Complaint, the plaintiff states as follows:

## Parties

1. The plaintiff, Ethel M. Murphy, is a citizen and resident of Franklin in Pendleton County, West Virginia.

2. Upon information and belief, the defendant, Alyssa B. Compton, is a resident of Stephens City in Frederick County, Virginia, within the jurisdiction of this Court.

3. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") is a corporation incorporated pursuant to the laws of the State of Illinois, with its principal place of business located in Bloomington, Illinois, which at all times relevant hereto has purposefully and systemically conducted substantial amounts of business in the State of West Virginia, wherein the plaintiff is a citizen and resident and is an insured under a policy of automobile insurance coverage issued by State Farm in the State of West Virginia for which State Farm has charged and accepted premiums and under which policy the plaintiff is an insured for purposes of uninsured motorist coverage for purposes of the claim set forth in Count One below in this Complaint, and which at all times relevant hereto has purposefully and systematically conducted substantial amounts of business in the Commonwealth of Virginia, including within this judicial district and division.

## Jurisdiction and Venue

4. Jurisdiction herein is founded upon 28 U.S.C. § 1332, the parties herein being residents of different states, thereby satisfying the requirement for jurisdiction in this Court based on diversity of citizenship and there being an amount in controversy in excess of $75,000.00.

5. Venue herein is proper pursuant to 28 U.S.C. § 1391, the motor vehicle collision on September 19, 2017 in which the plaintiff was injured, which serves as the underlying basis

2

of the causes of action set forth herein, having occurred in Frederick County, Virginia, within this judicial district and division.

**<u>Count One</u>**
**(Claim Against Defendant Alyssa B. Compton for
Motor Vehicle Negligence Resulting in Personal Injuries)**

6. The plaintiff hereby realleges paragraphs 1 through 5 of this Complaint as if the same were set forth verbatim herein.

7. On or about September 19, 2017, at approximately 12:00 noon, the plaintiff, Ethel M. Murphy, was a passenger in a motor vehicle operated by her son, Anthony D. Murphy, that had slowed down and come to a stop for a red traffic light at the end of the exit ramp from northbound I-81 to Virginia Route 277 in Frederick County, Virginia, within the jurisdiction of this Court.

8. At the aforesaid time, defendant Alyssa B. Compton, was operating a motor vehicle on the exit ramp from northbound I-81 to Virginia Route 277 in Frederick County, Virginia, within the jurisdiction of this Court, at a point behind the vehicle operated by Anthony D. Murphy in which the plaintiff was a passenger.

9. At the aforesaid time and place, it was the duty of defendant Alyssa B. Compton to operate her motor vehicle safely and lawfully manner and with reasonable care and with due regard for the safety of other motorists and persons on the highway.

10. Notwithstanding said duties, defendant Alyssa B. Compton did then and there so negligently, carelessly and recklessly operate her motor vehicle that she drove it into and against the rear of the vehicle in which the plaintiff was a passenger and caused a collision between the two vehicles, thereby causing the plaintiff to be injured and suffer damages. Defendant Alyssa B. Compton was negligent in that she:

  a. failed to keep a proper lookout;

  b. was operating her vehicle in excess of the posted speed limit on the exit ramp;

  c. was operating her vehicle in excess of a safe speed given the conditions and circumstances then and there existing, which included an exit ramp with a traffic signal at the end of it, which traffic signal was red and at which the vehicle in which the plaintiff was a passenger was sitting stopped;

  d. failed to apply her brakes so as to avoid striking the rear of the vehicle in which operated the plaintiff was a passenger;

  e. failed to leave adequate stopping distance between her vehicle and the vehicle in which the plaintiff was a passenger;

  f. was following too closely;

  g. failed to maintain control of her vehicle;

  h. failed to give full time and attention to the safe and proper operation of her vehicle; and

  i. was otherwise negligent.

11. The negligence, carelessness and recklessness of defendant Alyssa B. Compton constituted a proximate cause of the collision described above and of the injuries and damages sustained by the plaintiff.

12. As a direct and proximate result of defendant Alyssa B. Compton's negligence, carelessness and recklessness, the plaintiff sustained serious and painful injuries, some or all of which are or may be permanent; she has suffered physical pain, suffering and mental anguish,

and these will or may continue in the future and may be permanent; she has incurred substantial expenses for hospital, doctors and related medical care and treatment of her injuries, and in the future she will or may continue to incur additional such expenses in an effort to be cured and healed and reduce her pain; and she has been unable to perform all of the usual and personal activities and affairs of a woman of her age and position in life, and in the future she will or may continue to be unable to perform some or all of such activities and affairs.

13. Pursuant to Virginia Code § 38.2-2206, State Farm Mutual Automobile Insurance Company is hereby named as an uninsured motorist carrier for purposes of service of process as though this insurer was a party defendant herein.

### Count Two
### (Claim Against Defendant State Farm for Bad Faith for Violation of Common Law and Statutory Duties to the Plaintiff as Its Insured)

14. The plaintiff realleges Paragraphs 1 through 13 of this Complaint as if the same were set forth verbatim herein.

15. At the time of the motor vehicle collision described in Count One above in this Complaint, the vehicle in which the plaintiff was a passenger was covered by a policy of automobile insurance issued by State Farm in the State of West Virginia, which policy included uninsured motorist ("UM") coverage and Medical Expense ("Med Pay") coverage.

16. The motor vehicle collision described in Count One above in this Complaint was caused by an uninsured motorist, and defendant Alyssa B. Compton is an uninsured motorist for purposes of the claim asserted in Count One.

17. Shortly after the motor vehicle collision set forth in Count One above in this Complaint, the plaintiff gave her local State Farm agent notice of the collision and advised that

she was injured as a result of the collision, and she began submitting medical bills to the agent for payment pursuant to the provisions of the policy's Med Pay coverage.

18. Pursuant to applicable West Virginia law State Farm had a common law and a statutory duty of good faith and fair dealing in the handling of the plaintiff's claims.

19. During a visit with her local State Farm agent, the plaintiff was advised not to contact an attorney and that State Farm would handle her claims and contact her.

20. The plaintiff relied upon and followed the advice of her agent and did not contact an attorney, however she became concerned when her medical bills were not being paid and no one from State Farm contacted her about her claims, made no inquiry about her injuries or her medical treatment, did not make any offer of settlement for her personal injury claim, and did not otherwise contact her about her uninsured motorist claim.

21. Due to the lack of contact from State Farm or action by State Farm on her claims, the plaintiff proceeded to contact legal counsel, whom she retained to represent her on or about July 6, 2018.

22. On August 2, 2018 counsel for the plaintiff sent a letter of representation to State Farm.

23. On August 13, 2018, almost eleven (11) months after the collision, Jennifer Miller, a claim specialist for State Farm, sent a letter to counsel for the plaintiff acknowledging legal representation of the plaintiff. The letter did not identify any information required by State Farm and did not request a medical release to obtain the plaintiff's medical records.

24. On September 18, 2018, approximately one full year after the collision, Ms. Miller for State Farm sent a letter to counsel for the plaintiff stating that the West Virginia Insurance Commissioner required State Farm to advise the plaintiff that "notice of the

investigation regarding your client's claim remains incomplete" and further stated that the reason the claim has not been concluded was "awaiting all records and bills in order to evaluate your claim." However, no medical release was included to allow State Farm to acquire such records and bills. In addition, the plaintiff had previously submitted her medical bills to her State Farm agent.

25. Similar communications between counsel for the plaintiff and State Farm continued thereafter, except that a new adjuster, Eunice Tetteh, eventually assumed the handling of the claim from Jennifer Miller.

26. State Farm made its first offer of settlement on June 12, 2019, approximately twenty-one (21) months after the collision. Said offer was in the amount of only $3,864.05, which was less than the amount of the plaintiff's medical bills for treatment of her injuries from the collision.

27. The last offer from State Farm prior to the filing of this civil action was in the amount of $8,864.05 on August 13, 2019. Although the letter extending the offer is unclear, it appears that the offer would include a release of the plaintiff's claim for bad faith as against State Farm for its conduct in the handling of the plaintiff's claims.

28. The acts and conduct of State Farm constitute a violation of State Farm's common law duty of good faith and fair dealing owed to the plaintiff as its insured and implied in and by State Farm's policy of automobile insurance.

29. State Farm's acts and conduct constitute a violation of its statutory duty to the plaintiff as its insured pursuant to WV Code §33-11-4(9), as follows:

    a. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the insurance policy;

b. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurance policy;

c. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

d. Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

e. Not attempting in good faith to effect prompt, fair and equitable settlement of claims in which liability has become reasonably clear;

f. Compelling its insured to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in an action bought by the insured, when the insured has made claims for the amounts reasonably similar to the amount ultimately recovered;

g. Attempting to settle a claim for less than the amount to which a reasonable person would have believed he or she was entitled by reference to written or printed advertising material accompanying or made part of an application for insurance coverage;

h. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of compromise for settlement.

30. As a result of the defendant State Farm's conduct, the plaintiff has suffered annoyance, inconvenience, mental anguish, emotional distress, legal fees, legal costs, and other damages allowed by West Virginia law.

31. The plaintiff contends that the acts and conduct of State Farm were committed by State Farm in a malicious, conscious, reckless and outrageous manner, thereby entitling the plaintiff to an award of punitive damages in an amount of up to $500,000 or four times the amount of her compensatory damages, whichever is greater, pursuant to WV Code § 55-7-29.

WHEREFORE, the plaintiff, Ethel M. Murphy, demands a jury trial and she respectfully requests that she be awarded a judgment against defendant Alyssa B. Compton in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) for compensatory damages, together with her costs expended in this proceeding and pre-judgment interest from September 19, 2017 and post-judgment interest as allowed by law, and against defendant State Farm Mutual Insurance Company in the amount of One Million Dollars ($1,000,000.00) for compensatory damages, in the additional amount of Five Hundred Thousand Dollars ($500,000.00) or four (4) times the amount of her compensatory damages, whichever is greater, for punitive damages in accordance with applicable West Virginia law, together with attorney's fees, her costs expended in this proceeding, and pre-judgment interest from September 19, 2017 and post-judgment interest as allowed by law, as well as such other and further relief in the plaintiff's favor as this Court may deem appropriate.

THE PLAINTIFF REQUESTS A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE HEREIN.

ETHEL M. MURPHY

By: _____

John E. Basilone, Esq. (VSB #28851)
Goss & Fentress, PLC
735 Newtown Road, Suite 100
Norfolk, VA 23502
Telephone (757) 466-1095
Facsimile (757) 461-4670
E-mail: jbasilone@gossandfentress.com

James N. Riley, Esq. (WV Bar #3111)
CRIM LAW OFFICE, P.L.L.C
842 South Chestnut Street
Post Office Drawer 1920
Clarksburg, WV 26302-1920
Telephone (304) 918-1002
Facsimile (304) 918-1005
Email: jnriley@wvlawyers.com
(Not yet admitted in W.D. Va. – Motion For Admission Pro Hac Vice to be filed)

***Counsel for Plaintiff, Ethel M. Murphy***